IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


DANNY R. ROBERTSON and
GAY W. ROBERTSON                                                          PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 2:06cv3KS-MTP

J.C. PENNEY COMPANY, INC., D/B/A J.C. PENNEY
CARD BANK, N.A., D/B/A J.C. PENNEY CORPORATION, INC.;
GE CONSUMER FINANCE, INC.; and JOHN DOE
CORPORATIONS A THRU Z                                              DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#92]** filed on behalf of defendant J.C. Penney Company, Inc.  The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, and being otherwise fully advised in the premises finds that the motion is well taken in and should be granted.  The court specifically finds as follows:


## FACTUAL BACKGROUND

In May 1978, the plaintiffs, Danny and Gay Robertson opened a credit card account with J.C. Penney.  In December 1999, the plaintiffs' account was acquired by Monogram Credit Card Bank of Georgia ("Monogram").  On February 7, 2005, Monogram merged with GE Capital Consumer Card Company, with the resulting company becoming GE Money Bank (GEMB), which is the current owner of the Robertsons' account that is the subject of this lawsuit.  GE Money Bank is a wholly-

owned subsidiary of defendant GE Consumer Finance, Inc.

On October 20, 2004, the plaintiffs received a call from GE regarding their account. The representative informed Mr. Robertson that $222.22 was owed on the account. Mr. Robertson paid the entire balance of $222.22 over the phone by debit card, and during that conversation he instructed the representative to close the account. However, the payment was not correctly posted to the plaintiffs' account and they were forced to go through several months of collection activity by various debt collection entities. GE, through its 30(b)(6) representative Martha Koehler, has conceded that the Robertsons' account was paid in full on October 20, 2004, and that proof of the Robertsons' payment was contained in contemporaneous account records maintained by GE.

The plaintiffs brought this action for actual and punitive damages for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681n, 1681*o*, 1681s-2(b), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*, regarding the handling of their J.C. Penney account. They named GEMB, several collection agencies and J.C. Penney. J.C. Penney has now moved for summary judgment asserting that there is no genuine issue of material fact concerning its liability to the plaintiffs.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material

fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir.

-3-

1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary

-4-

judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS AND CONCLUSION

In support of its motion, J.C. Penney contends that it sold the plaintiffs' account at least four years prior to any of the collection activities complained of by the plaintiffs and did not participate in any of the improper acts complained of by them.  The plaintiffs make the argument that there is no documentary evidence before the court to support J.C. Penney's motion.  However, J.C. Penney has pointed to discovery responses and the affidavit of Martha Koehler, GEMB's representative, which all confirm the facts asserted by J.C. Penney.  It is the plaintiffs who have failed to come forward with any evidence to dispute the assertions by J.C. Penney.

After a thorough review of this matter, the court finds that a creditor who has sold an account and no longer has any connection to it for collection purposes is not a "debt

collector" under the definition of 15 U.S.C. § 1692a(6)(defining a "debt collector" as any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").  There is no evidence before the court that J.C. Penney had any contact with the plaintiffs in an attempt to collect the debt on the credit card.  It had sold its credit card business, including the plaintiffs' account, more than four years before the events complained of and retained no ownership interest therein.  *See also Neff v. Capital Acquisition & Management Co.*, 352 F.3d 1118 (7th Cir. 2003)(holding that a credit card company which had sold account and retained no ownership interest therein was not a "debt collector").

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#92]** filed on behalf of the defendant J.C. Penney Company is granted and the plaintiffs' claims against it are dismissed with prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 22nd day of September, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE