IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DANNY R. ROBERTSON and**
**GAY W. ROBERTSON**                                                                **PLAINTIFFS**

**VERSUS**                                                     **CIVIL ACTION NO. 2:06cv3KS-MTP**

**J.C. PENNEY COMPANY, INC., d/b/a J.C. PENNEY**
**CARD BANK, N.A., d/b/a J.C. PENNEY CORPORATION, INC.;**
**GE CONSUMER FINANCE, INC.; COLLECTORS TRAINING**
**INSTITUTE OF ILLINOIS, INC.; and JOHN DOE**
**CORPORATIONS A THRU Z**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Strike Gay Robertson's Emotional Distress Claims **[#88]** filed on behalf of the defendant, GE Money Bank "(GEMB)". The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

The facts of this case have been discussed exhaustively in other opinions issued by this court and, thus, will only be summarized here. The Robertsons maintained a J.C. Penney credit card account which was acquired by GE Money Bank and serviced by employees of GE Consumer Finance, Inc. (collectively referred to as "GE"). On October 20, 2004, after receiving a call from GE, the Robertsons paid the balance owed on the account. However, GE failed to post the payment to the Robertsons' account

and the account was subsequently reported as delinquent.

Over the course of the next two years, the Robertsons' credit was allegedly adversely affected by the reporting of this account as delinquent. The Robertsons contend that they were repeatedly contacted and harassed by collection agencies to pay the debt which had been paid in full on October 20, 2004. As a result of the collection activity, the Robertsons filed suit herein for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 to 1681x, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 to 1692p, as well as claims arising under state law, including a claim by Gay Robertson for emotional distress.

GEMB argues that Gay Robertson has placed her mental and emotional condition in issue by filing her state law claims for negligent and intentional infliction of emotional distress. She seeks to recover for emotional distress under the Fair Credit Reporting Act and claims damages of $180,000 for emotional distress, and an additional $180,000 for "trauma caused by constant harassment."

Defendant GEMB served a set of interrogatories on the plaintiffs during the course of discovery in this case. Interrogatory No. 8 to the plaintiffs reads as follows: "Identify all healthcare practitioners who each plaintiff has consulted, or received treatment from, for any emotional and mental pain or distress, anguish anxiety, anger or worry during your lifetime, and identify all pharmacies, drug stores, and other sources from which you have obtained prescription drugs, medications for emotional distress, anxiety, annoyance, fear, aggravation or inconvenience during your lifetime." Gay answered this question "None."

However, Gay's deposition was taken on July 15, 2008, and she testified that

she has been treated by a medical doctor (Dr. Chris Mauldin) for various episodes of depression and/or anxiety over the years and by a psychiatrist (Dr. Arnold) since January of 2008 for emotional distress related to a back injury in July of 2007.  She has also received prescriptions for anti-anxiety medications and anti-depressants at various times in her life. GEMB asserts that Gay's interrogatory response deliberately conceals this information and moves to strike her claim because of this misstatement..

Plaintiff Gay Robertson responds that she answered the interrogatory question related to emotional distress in regard only to the claim she is asserting against GEMB. She is not offering any evidence of medical treatment or her treating physicians to support her emotional distress claims in this case.  Thus, she contends that she answered the interrogatory truthfully as it concerns this case.  However, the question asks for treatment and medications taken during her lifetime - in that regard, the interrogatory was not fully answered.

The court has the inherent authority to protect the integrity of the judicial proceedings before it.  *Coleman v. Danek Med., Inc.*, 43 F.Supp.2d 637, 641 (S.D. Miss. 1999).  The court may strike a claim where a false discovery response was intentional and calculated to mislead.  *Id.* at 643.  To have the claim stricken is what GEMB demands.  The court finds that such action is unwarranted.

This case is set for trial in February of 2009.  Gay's deposition was taken on July 15, 2008.  She was not evasive when asked questions about her mental health treatment.  She was forthright and direct in her responses to questions.  There is no indication that she tried in any way to hide her previous treatments related to anxiety and depression.  She did seem surprised that the defendant was questioning her about

treatment over her lifetime instead of related to this incident.  This lends credibility to her assertion that she answered the interrogatory only as it relates to her claim for injuries in this case, even though the interrogatory was broader than that.

The court cannot find that the defendant was unduly prejudiced by the late revelation of Gay's medical treatments.  Counsel for Gay Robertson should have been more careful in assisting her in answering the interrogatories to be certain that they were fully and completely answered.  Counsel is cautioned not to take lightly their obligation to properly and timely respond to discovery requests.  However, to strike Gay's claims of emotional distress at this point in the litigation in unwarranted.  The defendant had more than eight months prior to trial to respond to the information revealed at Gay's deposition.  The information is a ripe field for cross-examination which the defendant has ample time to plow.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Strike Gay Robertson's Emotional Distress Claims **[#88]** filed on behalf of the defendant, GE Money Bank is denied.

SO ORDERED AND ADJUDGED, this the 22nd day of September, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE