IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DANNY R. ROBERTSON and
GAY W. ROBERTSON                                                                    PLAINTIFFS

VERSUS                                                         CIVIL ACTION NO. 2:06cv3KS-MTP

GE CONSUMER FINANCE, INC., ET AL                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Partial Summary Judgment **[#107]** filed on behalf of the Defendant, GE Money Bank.  The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, and being otherwise fully advised in the premises finds that the motion is well taken in part and should be granted in part and denied in part.  The court specifically finds as follows:

### FACTUAL BACKGROUND

In May 1978, the plaintiffs, Danny and Gay Robertson opened a credit card account with J.C. Penney.  In December 1999, the plaintiffs' account was acquired by Monogram Credit Card Bank of Georgia ("Monogram").  On February 7, 2005, Monogram merged with GE Capital Consumer Card Company, with the resulting company becoming GE Money Bank ("GEMB" or "GE"), which is the current owner of the Robertsons' account that is the subject of this lawsuit.  GE Money Bank is a wholly-owned subsidiary of defendant GE Consumer Finance, Inc.   On October 20, 2004, the plaintiffs received a call from GE regarding their account.  The representative informed

Mr. Robertson that $222.22 was owed on the account. Mr. Robertson paid the entire balance of $222.22 over the phone by debit card, and during that conversation he instructed the representative to close the account. However, the payment was not correctly posted to the plaintiffs' account and they were forced to go through several months of collection activity by various debt collection entities. GE, through its 30(b)(6) representative Martha Koehler, has conceded that the Robertsons' account was paid in full on October 20, 2004, and that proof of the Robertsons' payment was contained in contemporaneous account records maintained by GE.

The plaintiffs brought this action for actual and punitive damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n, 1681*o*, 1681s-2(b), and the Fair Debt Collection Practices Act ("FDCPA", 15 U.S.C. § 1692, *et seq*, regarding the handling of their J.C. Penney account. They named GEMB, several collection agencies and J.C. Penney. J.C. Penney and the collection agencies have been dismissed from this litigation previously. GEMB has now moved for partial summary judgment asserting that there is no genuine issue of material fact concerning its liability to the plaintiffs on their FDCPA claim, breach of the duty of good faith and fair dealing claim, and Danny Robertson's loss of productivity claim

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex*

-2-

*Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the

non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also,*

*Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

GEMB's first contention is that it is not a "debt collector" as defined by the FDCPA and thus the plaintiffs' claims in this regard fail. The Act defines a debt collector as any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197,1208 (5th Cir. 1985). "The Fair Debt Collection Practices Act does not apply to the actions of a party seeking to collect a debt owed to itself." *Shamburger v. Grand Casino of Mississippi, Inc.*, 84 F. Supp.2d 794, 801 (S.D. Miss. 1998). "Such a party is not within the scope of the definition of the term 'debt collector' as defined by Congress in § 1692(a) of the Act." *Id.* Even if a bank employs a third party to collect its debt, the bank does not fall under the Act's definition of "debt collector." *See Thomasson v. Bank One, Louisiana*, 137 F. Supp.2d 721, 723- 24 (E.D. La. 2001) (bank that employed third party to collect debt not subject to Fair Collection

Debt Practices Act).

There is no dispute that GEMB is a bank and owned the debt at issue here after February 7, 2005.  The plaintiffs contend that collection efforts on the debt began shortly after October 2004 when the Robertsons' account was not properly credited with the payoff.  They therefore argue that when GEMB acquired the debt in February 2005, the account was allegedly in default, thus making GEMB a debt collector.  This is where the plaintiffs' argument derails.

Monogram owned the debt in October 2004.  It merged with GEMB in February 2005.  Neither Monogram nor GEMB are debt collectors as defined by the FDCPA.  A plain reading of the statute reveals that it is designed to prevent assignee collectors from avoiding debt collector status by becoming "owners" of the debt.  It does not convert legitimate owners of debts into "debt collectors."  GEMB was the owner of this debt as the creditor, not a debt collector.  The same is true of Monogram before it.  The plaintiffs have provided no authority otherwise.  GEMB is thus entitled to summary judgment on the plaintiffs' FDCPA claims.

The defendant's next argument is that the plaintiffs' claims of the breach of duty of good faith and fair dealing fail as a matter of law.  GEMB's main argument is that the plaintiffs allege that the contract between plaintiffs and defendants contains a "covenant of good faith," and that defendants breached it but that they have not identified the contract they are talking about, nor have they demonstrated how the duty of good faith and fair dealing was breached with respect to that contract.

Count Five of the Amended Complaint asserts that GEMB had a contractual relationship with the plaintiffs and that GEMB breached the covenant of good faith

contained in that contract by taking various illegal actions "for the purpose of. . . forc[ing] the Plaintiffs to pay an account that had been paid and completely satisfied on October 22, 2004."  (Am. Compl. && 37, 39, 40.)  Contrary to GEMB's assertion otherwise, the contractual relationship arises from the "customer agreement," previously recognized by the court to govern the relations between the parties.  *See Robertson v. J.C. Penney Co.*, 484 F. Supp. 2d 561, 563 (S.D. Miss. 2007).  This agreement has been clearly identified as the fount from which the duty of good faith and fair dealing arose.  As to the question of whether the plaintiffs have offered proof of a violation of this duty, that is left to the trier of fact.  GEMB's motion shall be denied as to this claim.

Finally, GEMB seeks partial summary judgment as to Danny Robertson's "loss of productivity claim."  However, the Robertsons assert that they have not included any such "claim" in their Amended Complaint.  Rather, the Robertsons contend that they have alleged that they suffered various damages based on GEMB's violations of state and federal law outlined in the six counts asserted in the Amended Complaint.  In response to an interrogatory propounded by GEMB, the Robertsons indicated that loss of productivity at work might be one element of the actual damages suffered by Danny as a result of GEMB's alleged misconduct.  Thus, the plaintiffs argue that what GEMB is seeking in this part of its motion is not partial summary judgment as to an entire claim, or even as to the issue of its liability as to one entire claim, but only as to a single element of one of the plaintiffs' damages.

Regardless of the semantics of the appropriateness of seeking summary judgment on this as an entire claim or as an element of damages, Danny Robertson admits that he cannot document a loss of productivity in any way and that he suffered

no loss of income whatsoever. "If the court determines that there are matters not in controversy – including items of damages or other relief – it should then issue an order detailing these facts. These facts are then established for the action, and those issues are removed from any subsequent trial or other proceedings in the case." 11 MOORE'S FEDERAL PRACTICE,§ 56.40[2] (3d Ed.). In this case, the plaintiffs have offered no evidence to support their claim for "loss of productivity" and GEMB is entitled to summary judgment on this claim.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment **[#107]** filed on behalf of the Defendant, GE Money Bank is granted in part and that the plaintiffs' claims under the FDCPA are dismissed with prejudice and that Danny Robertson's claims regarding loss of productivity are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment **[#107]** filed on behalf of the Defendant, GE Money Bank is denied as to the plaintiffs' claims of the breach of the duty of good faith and fair dealing. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 7th day of November, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE